Matter of Pryer v Incorporated Vil. of Hempstead (2019 NY Slip Op 06561)





Matter of Pryer v Incorporated Vil. of Hempstead


2019 NY Slip Op 06561


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528731

[*1]In the Matter of the Claim of Wiley Pryer, Appellant,
v
Incorporated Village of Hempstead et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Deborah C. Levine, Hempstead, for appellant.
Davis & Venturini, Hicksville (Christine Morehouse of counsel), for Incorporated Village of Hempstead and another, respondents.



Egan Jr., J.
Appeals (1) from a decision of the Workers' Compensation Board, filed May 16, 2018, which ruled that claimant was not entitled to continued permanent partial disability benefits because he failed to demonstrate an ongoing attachment to the labor market, and (2) from a decision of said Board, filed August 3, 2018, which denied claimant's application for reconsideration and/or full Board review.
 In February 2012, claimant injured his back while attempting to lift a cast-iron radiator at work. He filed a claim for workers' compensation benefits and his claim was established for a work-related back injury. He did not return to work after sustaining this injury.

 Following a July 2014 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as having a permanent partial disability under Workers' Compensation Law § 15 (3) (w), with a loss of wage-earning capacity of 85%. The WCLJ further found that claimant was not working at the time of the classification and was entitled to permanent partial disability benefits of $772.96 per week. The WCLJ continued the case to address the issues of claimant's voluntary withdrawal/retirement and labor market attachment. Following an August 2014 hearing, the WCLJ found that claimant did not voluntarily retire and was not attached to the labor market. Due to claimant's lack of labor market attachment, the WCLJ did not direct any further awards subsequent to August 21, 2014. Claimant appealed this decision to the Workers' Compensation Board. In August 2015, the Board affirmed the WCLJ's decision, finding that claimant was not sufficiently attached to the labor market to warrant the continuation of permanent partial disability benefits.

 Thereafter, claimant filed a request for further action based upon a change in the law. During proceedings before the WCLJ in November 2017, claimant raised the issue of his entitlement to benefits under a recently enacted amendment to Workers' Compensation Law § 15 (3) (w), effective April 10, 2017, which he contended dispensed with the requirement that he demonstrate attachment to the labor market in order to continue to receive permanent partial disability benefits. The WCLJ concluded that the amendment applied and directed the retroactive payment of benefits to claimant at the permanent partial disability rate of $772.96 from August 21, 2014 through November 16, 2017.

 The self-insured employer and its third-party administrator appealed to the Board. The Board concluded that the amendment did not apply because, at the time that the amendment went into effect, claimant was not attached to the labor market. Consequently, the Board ruled that claimant was not entitled to the continuation of permanent partial disability benefits without a demonstration of labor market attachment. Claimant applied for reconsideration and/or full Board review of this decision and it was denied. Claimant appeals from both decisions.

 Claimant argues that, based upon a plain reading of the recent amendment to Workers' Compensation Law § 15 (3) (w) and this Court's decision in Matter of O'Donnell v Erie County (162 AD3d 1278 [2018], lv granted 32 NY3d 907 [2018]), the Board erred in concluding that he was required to demonstrate an ongoing attachment to the labor market in order to receive continued permanent partial disability benefits. Initially, the amendment states, in pertinent part, that in some cases of permanent partial disability, "[c]ompensation . . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market" (Workers' Compensation Law § 15 [3] [w] [emphasis added]). In sum, the amendment relieves some claimants who have been classified as permanently partially disabled of the burden of having to demonstrate ongoing attachment to the labor market in order to continue to receive wage replacement benefits (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012]).

 In Matter of O'Donnell, this Court applied the above amendment retroactively to a claimant who was classified as permanently partially disabled in September 2015, prior to the April 10, 2017 effective date of the amendment. Notably, the claimant had retired from her position following her injury, and her retirement was deemed an involuntary withdrawal from the labor market. Significantly, there was no final Board decision on the issue of the claimant's labor market attachment as of the effective date of the amendment. In view of this and, based upon the legislative history, this Court concluded that retroactive application of the amendment was appropriate as it "was clearly intended to apply to claimants who have involuntarily withdrawn from the labor market and are entitled to receive wage replacement benefits having been classified with a permanent partial disability" (Matter of O'Donnell v Erie County, 162 AD3d at 1281).

 Notwithstanding the retroactive application of the amendment in Matter of O'Donnell, this Court recently recognized in Matter of Scott v Visiting Nurses Home Care (172 AD3d 1868,
1871 [2019]) that "the amendment does not necessarily retroactively apply to all claimants previously classified as permanently partially disabled, relieving them of the obligation to show labor market attachment regardless of the procedural posture of their claim." In Matter of Scott, the claimant had an established claim resulting from a 1993 accident, was classified as permanently partially disabled in 1998 and received awards based on her reduced wage-earning capacity. Her case was reopened in 2015 to address her attachment to the labor market. In December 2016, the Board ruled that the claimant had failed to demonstrate continued attachment to the labor market and had voluntarily withdrawn from the labor market, effective December 29, 2015, and suspended awards as of that date. This Court concluded that because the Board had issued its decision in December 2016 addressing claimant's labor market attachment and voluntary withdrawal, which was prior to the effective date of the amendment, the amendment did not apply retroactively to relieve her of her obligation of demonstrating continued attachment to the labor market in order to continue to receive permanent partial disability benefits (id. at 1872).

 The procedural posture of this case is similar to that in Matter of Scott. Here, claimant was classified as permanently partially disabled in July 2014, and proceedings were conducted before the WCLJ in August 2014 on the issues of claimant's labor market attachment and voluntary withdrawal. The WLCJ concluded that claimant did not voluntarily retire and was not attached to the labor market, and the Board affirmed the WCLJ's decision in August 2015. As in Matter of Scott, the Board's August 2015 decision was issued well before the effective date of the amendment and, as such, this is not a situation in which retroactive application of the amendment is appropriate. Given that the Board declined to apply the amendment retroactively so as to relieve claimant of his obligation to demonstrate ongoing attachment to the labor market in order to continue to receive permanent partial disability benefits, we decline to disturb the Board's decision. In view of the foregoing, we do not find that the Board's denial of claimant's application for reconsideration and/or full Board review was arbitrary, capricious or an abuse of discretion (see Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]; Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018], appeal dismissed 32 NY3d 1012 [2018]).

 Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.



 ORDERED that the decisions are affirmed, without costs.