Matter of Santos v Brickens Constr. Inc. (2019 NY Slip Op 06833)





Matter of Santos v Brickens Constr. Inc.


2019 NY Slip Op 06833


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527552

[*1]In the Matter of the Claim of Arturo Santos, Appellant,
v
Brickens Construction Inc. et al., Respondents.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael Gruber of counsel), for appellant.
The Chartwell K. Law Offices, LLP, New York City (Lauren M. Bilasz of counsel), for Brickens Construction Inc. and another, respondents.



Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed February 5, 2018, which ruled, among other things, that claimant was not entitled to continued permanent partial disability benefits because he failed to demonstrate an ongoing attachment to the labor market.
Claimant has an established claim for a work-related back injury, for which he was classified with a permanent partial disability in 2007. Continuing awards were made until November 2016, when they were suspended following hearings based upon claimant's lack of labor market attachment [FN1] (see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012]). The Workers' Compensation Board upheld the suspension of benefits on this ground by decision filed March 28, 2017. No appeal was taken from that decision.
Workers' Compensation Law § 15 (3) (w) was thereafter amended, effective April 10, 2017, to provide, in relevant part, that in certain cases of permanent partial disability, "compensation . . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market" (emphasis added; see Matter of Scott v Visiting Nurses Home Care, 172 AD3d 1868, 1869-1870 [2019]; Matter of O'Donnell v Erie County, 162 AD3d 1278, 1280 [2018], lv granted 32 NY3d 907 [2018]). This amendment "relieves certain permanent partial disability claimants from the need to demonstrate a continued attachment to the labor market, as previously required in order to be entitled to wage replacement benefits" (Matter of Scott v Visiting Nurses Home Care, 172 AD3d at 1870). In reliance on the 2017 amendment, claimant applied for reinstatement of his permanent partial disability award, contending that the amendment applied retroactively and entitled him to reinstatement of benefits as of its effective date. Following a hearing, a Workers' Compensation Law Judge, among other things, reinstated the award. The Board modified that decision by rescinding the award, finding that the amendment did not apply retroactively to this claim and that the award could not be reinstated "absent a finding of labor market attachment." Claimant appeals.
We affirm, for reasons stated in Matter of Scott v Visiting Nurses Home Care (supra) (see also Matter of Pryer v Incorporated Vil. of Hempstead, ___ AD3d ___, 2019 NY Slip Op 06561 [2019]). In Matter of Scott, we recognized that the 2017 amendment "does not necessarily retroactively apply to all claimants previously classified as permanently partially disabled, relieving them of the obligation to show labor market attachment regardless of the procedural posture of their claim" (Matter of Scott v Visiting Nurses Home Care, 172 AD3d at 1871). We held that the amendment did not apply retroactively to a claimant who had been classified as permanently partially disabled in 1998, where the Board had finally determined prior to the 2017 effective date of the amendment that she was required to, but had not, remained attached to the labor market in order to continue benefits and had voluntarily withdrawn therefrom (id.). We distinguished our holding in Matter of O'Donnell v Erie County (162 AD3d at 1281), where we applied the amendment retroactively to a claimant for whom, at the time the 2017 amendment became effective, there had been no final Board determination regarding labor market attachment and there had been a finding that claimant's withdrawal from the labor market had been involuntary (see Matter of Scott v Visiting Nurses Home Care, 172 AD3d at 1871-1872).
Here, as in Matter of Scott, the Board had determined, prior to the effective date of the 2017 amendment, that claimant was required to remain attached to the workforce but had failed to do so, and it upheld the suspension of claimant's award under then-governing precedent. As such, we again find that the "amendment d[oes] not apply retroactively to rescind the Board's [pre-amendment] final determination of voluntary withdrawal [from the workforce] and, therefore, claimant was obligated to show continuing attachment in order to resume benefits" (id. at 1871; see Matter of Pryer v Incorporated Vil. of Hemstead, 2019 NY Slip Op 06561 at *1). We accordingly discern no basis upon which to disturb the Board's decision.
Garry, P.J., Lynch and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The employer raised the issue of labor market attachment, and the Workers' Compensation Board ultimately granted the request to reopen the case on this issue by decision filed March 7, 2016. At a hearing in November 2016, claimant admitted that he had not pursued work since 2007.